UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x

RAFAEL JUAN COLON,

        Petitioner,

   -v-                                  No.  09 Civ. 5168 (LTS)(AJP)

ROBERT ERCOLE,

        Respondent.

---------------------------------------------------------x

### MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION

        Pro se petitioner Rafael Colon ("Petitioner") commenced this action on June 3,

2009, by filing a timely Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

Petitioner challenges his conviction in Supreme Court, New York County, on two counts of first

degree murder, carrying a sentence of two concurrent terms of 25 years to life incarceration.

(Docket entry no. 1.)  See Colon v. Ercole, No. 09 Civ. 5168, 2010 WL 9401 at *1 (S.D.N.Y.

Jan. 4, 2010) (Peck, M.J.).  The case was assigned to the undersigned and referred to Magistrate

Judge Andrew Peck.  The Respondent submitted an opposition to the Petition (docket entry nos.

12-14), Petitioner submitted a "traverse" in reply to the opposition (docket entry no. 20), and

Respondent responded to the traverse (docket entry no. 21).  Judge Peck issued a Report and

Recommendation, dated January 4, 2010 (the "Report"), which recommends that the Petition

should be denied and Petitioner should be denied a certificate of appealability pursuant to 28

U.S.C. § 2253(c)(2).  (Docket entry no. 22.)  Petitioner has submitted objections to the Report.

The Court has reviewed thoroughly the Petition, the Respondent's opposition submission,

Petitioner's reply, Respondent's further opposition, the Report, and Petitioner's Objections.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.A. § 636(b)(1)(C) (West 2009). The Court reviews the Report strictly for clear error where no objection has been made and will make a de novo determination regarding those parts of the Report to which objections ahve been made. See Pearson-Fraser v. Bell Atl., No. 01 Civ. 2343, 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003). "[O]bjections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review." Vega v. Artuz, No. 97 Civ. 3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002). In the face of such objections, the Court will review the Report strictly for clear error. See Pearson-Fraser, 2003 WL 43367, at *1.; Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992). Although pro se petitioners are generally accorded leniency when making objections, Walker v. Vaughn, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002), the objections nevertheless "must be specific and clearly aimed at particular findings in the magistrate judge's proposal." Molefe v. KLM Royal Dutch Airlines, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009).

The Court has considered carefully Petitioner's objections to the Report and finds no grounds for de novo review of any aspect of the Report. Petitioner's objections merely "rehash," at times verbatim, issues raised in the Petition and traverse and addressed in Judge Peck's Report. See Vega, 2002 WL 31174466, at *1. Judge Peck's 94-page Report reflects a thorough and exhaustive review of the record and a diligent analysis of the applicable law. The Court is satisfied that the Report contains no clear error. Accordingly, the Court adopts the

Report in its entirety.

## CONCLUSION

The Petition is hereby denied and the Petitioner is denied a certificate of

appealability because he has not "made a substantial showing of the denial of a constitutional

right." 28 U.S.C. § 2253(c)(2).  The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that

any appeal from this order would not be taken in good faith.  See Coppedge v. United States, 369

U.S. 438, 444 (1962).

The Clerk of Court is hereby requested to enter judgment accordingly and close

this case.

SO ORDERED.


Dated: New York, New York
       September 27, 2010

LAURA TAYLOR SWAIN
United States District Judge